```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Jim Merritt,                  :

      Plaintiff,          :   Case No. 2:06-cv-0382

  v.                          :

Con-Way Central Express, Inc.,:   JUDGE HOLSCHUH
et al.,
                              :
      Defendants.

OPINION AND ORDER

This case was initiated by plaintiff, Jim Merritt, alleging violations of federal and state law arising out of his employment with the defendant. Defendants Con-Way Central Express ("CCX"), Paul Anderson, and Stephen Smigielski filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the following reasons, defendants' motion for a more definite statement will be denied.

I.

On April 14, 2006, Mr. Merritt filed an action against CCX, Mr. Anderson, Mr. Smigielski, and Mr. Leathers in the Franklin County Court of Common Pleas asserting claims of discrimination and retaliation under the Family Medical Leave Act of 1993 ("FMLA") and state law. Subsequently, the case was removed to this Court.

Mr. Merritt's Complaint contains eight counts. The initial twenty-one paragraphs of the Complaint, enclosed within a section entitled "Facts Common to All Claims," are comprised of allegations of fact which are then incorporated into all eight numbered counts. Within this introductory section, Mr. Merritt states that Messrs. Leathers, Anderson, and Smigielski served in supervisory roles as CCX employees and exercised significant control over Mr. Merritt's hiring, firing, or conditions of employment. (Complaint ¶ 2). Mr.

Merritt subsequently describes the events surrounding his hiring, participation in a work-related accident, assault by a co-worker, incidents relating to his medical condition, and events surrounding the termination of his employment. (See Complaint at ¶¶ 7-21). Mr. Merritt uses the term "defendants" to refer to the defendant actor(s) in each of the aforementioned events. (See Complaint at ¶¶ 10-21).

In the thirty-three paragraphs following the "Facts Common to All Claims," Mr. Merritt outlines the eight counts of his complaint. Count I is asserted solely against CCX and alleges violations of the FMLA. Counts II-VIII are asserted against "All Defendants" and allege employment discrimination and retaliation under O.R.C. §§ 4112.02(A) & (I), as well as negligence, invasion of privacy, and various other violations of Ohio public policy in the employment context "as evidenced by statutes, regulations and the Constitution." (Complaint at ¶¶ 44, 48 & 52).

On May 23, 2006, CCX, Mr. Anderson, and Mr. Smigielski filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). CCX, Mr. Anderson, and Mr. Smigielski assert that they are unable to frame a responsive pleading because the Complaint fails to (1) allege the wrongful actions specifically undertaken by each defendant and (2) specifically identify the legal foundation of the alleged public policy violations. The issue is fully briefed and the motion is ripe for adjudication.

## II.

Fed. R. Civ. P. 12(e) states, in pertinent part:

> If a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

A motion for more definite statement "is designed to strike at

2

unintelligibility rather than simple want of detail...[It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Jakovich v. Hill, Stonestreet & Co., No. 1:05 CV 2126, 2005 WL 3262953, *3 (N.D.Ohio Nov. 30, 2005)(quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D.Wis. 1985)).

Furthermore, "notice pleading" standards of Fed. R. Civ. P. 8(a)(2) do not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). That fair notice can be provided through "either direct or inferential allegations respecting all the material elements to sustain a recovery." In re Commonwealth Ins. Secs., Inc., 394 F.3d 401, 405-06 (6th Cir. 2005)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). The notice pleading requirement "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002). In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts. See, e.g., Innovative Digital Equipment, Inc. v. Quantum Tech., Inc., 597 F.Supp. 983, 989 (N.D.Ohio 1984)("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery"); see also Usery v. International Brotherhood of Teamsters, 72 F.R.D. 581 (W.D.Okla. 1976).

A.

Defendants argue that the Complaint is too vague and ambiguous to frame a responsive pleading because they are unable to tell which defendant is alleged to have committed which specific wrong.

3

However, this Court concludes that the Complaint provides the defendants with sufficient notice of the plaintiff's claims to allow the defendants to frame a responsive pleading.

Defendants rely on Bower v. Weisman, 639 F.Supp. 532 (S.D.N.Y. 1986), in which several paragraphs of the complaint used the term "defendant" without specifying which of the three defendants was being referred to. In Bower, the court granted the defendant's motion for a more definite statement, concluding that the defendant could not effectively respond to the complaint unless he knew "which claims [the plaintiff] [was] asserting against him in his individual capacity." Id. at 538.

However, the court limited the Bower decision in Tagare v. NYNEX Network Systems Co., 921 F.Supp. 1146, 1153 (S.D.N.Y. 1996) a case in which defendants relied on Bower to attempt to obtain a more definite statement of the plaintiff's allegations against the "defendants" as a group. In Tagare, the plaintiff sued his employer NYNEX, affiliates of NYNEX, and four individual NYNEX officers, alleging claims of discrimination in violation of federal and state law. Id. at 1148. The court denied the motion for a more definite statement, stating that "[t]he fact that plaintiff attributes acts to 'defendants' as a group does not render the Complaint so vague and ambiguous as to be unintelligible." Id. at 1153. The court concluded that the defendants incorrectly relied on Bower because the plaintiff was referring to all defendants named in the complaint as parties responsible for committing the alleged acts. Id.

In the instant case, Mr. Merritt specifically states which Counts are alleged against which defendants. Count I is directed at "Defendant Con-Way Central Express," whereas Counts II-VIII are directed at "All Defendants." Therefore, Mr. Merritt claims that all defendants named in the Complaint are responsible for committing the acts alleged in Counts II-VIII. Furthermore, when

4

Mr. Merritt intends to identify an individual defendant, he uses a modifier, e.g. "Defendant Con-Way Central Express," or the singular form of "defendant." (See Complaint ¶¶ 25-26). Like in Tagare, Mr. Merritt refers to all named defendants when he makes allegations against "defendants" without identifying a specific party.

Furthermore, the complaint contains an abundance of factual allegations describing the defendants' unlawful actions against him in the section entitled "Facts Common to All Claims." There is enough factual background to put all of the named defendants on notice of the nature of Mr. Merritt's claims and for all defendants to admit or deny Mr. Merritt's factual allegations. Any factual details that are lacking in the Complaint may be revealed through the discovery process. Therefore, this Court concludes that Mr. Merritt's use of the term "defendants" is not so vague and ambiguous that the defendants are unable to formulate a responsive pleading. The Complaint does not reach the level of unintelligibility required for the Court to grant a motion for a more definite statement.

B.

Defendants also argue that they are unable to frame a responsive pleading because the Complaint fails specifically to identify the statutes and regulations that serve as the legal basis of the public policy violations alleged in Counts VI, VII, and VIII. After reviewing the complaint, however, this Court concludes that the Complaint provides the defendants with sufficient notice of the grounds upon which Mr. Merritt's claims rest to allow the Defendants to frame a responsive pleading.

A "Rule 12(e) motion should not be used simply to ascertain plaintiff's legal theories." Schwable v. Coates, No. 3:05 CV 7210, 2005 WL 2002360, *1 (N.D.Ohio Aug. 18, 2005)(quoting Bryson v. Bank of N.Y., 584 F.Supp. 1306, 1319 (S.D.N.Y. 1984)). "[A]ny attempt to use a motion for a more definite statement to tie the pleader

5

down to a particular legal theory of his case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." 5A Wright & Miller, Federal Practice and Procedure § 1377.  For example, in Bryson, the plaintiffs claimed that the defendants had violated the Equal Credit Opportunity Act, Regulation B, and New York state law. Bryson, 584 F.Supp. at 1308. The court held that the plaintiffs were not required to specify "exactly what sections or subsections" the acts underlying the claims allegedly violated because a Rule 12(e) motion should not be used to ascertain the plaintiffs' legal theories. Id. at 1319.

In the present case, the Complaint has provided the defendants with sufficient notice of the grounds upon which Mr. Merritt's claims rest in order for the defendants to frame a responsive pleading.  Any uncertainty regarding plaintiff's legal theories can be revealed through the discovery process.  Accordingly, this Court concludes that the plaintiff's references to Ohio "statutes, regulations, and the Constitution" is not so vague and ambiguous that the defendants would be unable to formulate a responsive pleading and does not reach the level of unintelligibility required for a more definite statement.

### III.

Based on the foregoing reasons, defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (doc. #5) is DENIED.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due

6

ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge